**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**


IN RE: PILOT FLYING J FUEL REBATE
CONTRACT LITIGATION                                          MDL No. 2468


**ORDER DENYING TRANSFER**


   **Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, plaintiff in the Northern District of Ohio action moves for coordinated or consolidated pretrial proceedings in the Southern District of Mississippi.[1]  This litigation currently consists of eight actions pending in six districts as listed on Schedule A.[2]

   Plaintiffs in four actions and potential tag-along actions support centralization in the Southern District of Mississippi and plaintiff in a District of New Hampshire potential tag-along action supports centralization in the Northern District of Ohio.  Plaintiffs in eight actions and potential tag-along actions, most of whom had previously supported centralization in the Southern District of Mississippi, and defendants Pilot Corp. and Pilot Travel Centers LLC d/b/a Pilot Flying J (collectively Pilot Flying J) agree that the actions meet the criteria for centralization, but ask the Panel to defer its ruling to allow the Eastern District of Arkansas to consider final approval of a recently negotiated nationwide class settlement.  If the Panel deems centralization appropriate, however, these parties argue that the Eastern District of Arkansas is the most appropriate transferee district.

   On the basis of the papers filed and hearing session held, we deny the motion.  Although these actions involve common questions of fact arising out of allegations that defendants engaged in a fraudulent scheme of withholding diesel fuel price rebates or discounts that Pilot Flying J agreed by contract to apply to the diesel fuel purchases of its commercial trucking customers, we find that centralization at this time will not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.  The Eastern District of Arkansas recently granted preliminary approval of a proposed nationwide class settlement, and final approval of the settlement will be considered in a few months.  Centralization at this time could delay settlement proceedings.  If plaintiffs who have not yet participated in settlement discussions wish to object to or opt out of the

---

   [*]  Judge Judge Sarah S. Vance did not participate in the disposition of this matter.

   [1]  Movant originally sought centralization in the Northern District of Ohio.

   [2]  The Panel has been notified of ten related actions pending in the Middle District of Alabama, the Southern District of Alabama, the Northern District of Illinois, the Eastern District of Louisiana, the District of Minnesota, the Southern District of Mississippi, the District of New Hampshire, the District of New Mexico, and the Middle District of Tennessee.

-2-

proposed settlement, there are suitable mechanisms in place by which they may do so without the need for centralization. *See In re Power Balance, LLC, Mktg. & Sales Practices Litig.*, 777 F. Supp. 2d 1345, 1346 (J.P.M.L. 2011).

Certain plaintiffs who have not yet participated in the settlement and advocate for centralization at this time argue that the settlement will not resolve all claims, that there will be many plaintiffs who will opt out of the settlement and, therefore, that the litigation will retain its multidistrict character. Until the Eastern District of Arkansas conducts its fairness hearing and issues a final approval or disapproval of the settlement, none of this is known for certain. In the meantime, we decline to grant centralization on the basis of such speculation. It is not possible to predict the contours of the litigation, and whether centralization will be beneficial, if and after the settlement is granted final approval.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil            Paul J. Barbadoro
Marjorie O. Rendell       Charles R. Breyer
Lewis A. Kaplan

**IN RE: PILOT FLYING J FUEL REBATE
CONTRACT LITIGATION**                                        MDL No. 2468

## SCHEDULE A

Northern District of Alabama

Charles E. Winborn, III, et al. v. Pilot Corporation, et al., C.A. No. 2:13-00772
Osborn Transportation, Inc. v. Pilot Corporation, et al., C.A. No. 4:13-00897

Eastern District of Arkansas

National Trucking Financial Reclamation Services, LLC v. Pilot Corporation, et al.,
    C.A. No. 4:13-00250

Northern District of Florida

Jerry Floyd v. Pilot Corporation, C.A. No. 3:13-00318

Northern District of Illinois

Edis Trucking, Inc. v. Pilot Corporation, et al.,C.A. No. 1:13-03294

Southern District of Mississippi

Bruce Taylor v. Pilot Corporation, et al., C.A. No. 3:13-00244
Mike Campbell v. Pilot Corporation, et al., C.A. No. 3:13-00319

Northern District of Ohio

Ohio Auto Delivery, Inc. v. Pilot Travel Centers, LLC, C.A. No. 1:13-01207